

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHNATHAN LEE X SMITH,

    Petitioner,

v.                               Civil Action No. 3:19CV490

HAROLD W. CLARKE,

    Respondent.

## MEMORANDUM OPINION

Johnathan Lee X Smith, a Virginia inmate, proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 9) challenging the manner in which the Virginia Department of Corrections ("VDOC") calculated his sentences. In his § 2254 Petition, Smith raises five claims:

Claim One:    "The Court & Legal Sections of the [VDOC] . . . have heretofore failed to properly calculate the amount of earned sentence credits to which Petitioner is entitled to receive under §§ 53.1-202.1 through 53.1-202.4 of the Code of Virginia 1950, as amended, on his two (2), 8-year sentences he received on November 29, 2005, and have heretofore failed to set a release date thereunder, resulting in [Smith] serving more time than mandated by law." (Id. at 5.)

Claim Two:    "The Court & Legal Sections have heretofore failed to apply the time Petitioner spent in local jails on said 8-year sentences and the underlying charges from September 29, 2004, to September 3, 2008, 3 years, 11 months, and 5 days, to reduce his period of confinement on these sentences as expressly mandated by Code § 53.1-187." (Id. at 7 (emphasis omitted).)

Claim Three:    "On December 22, 2018, Petitioner learned that Donna M. Shiflett, Manager of the Court & Legal

       Sections, has falsely claimed that the Court & Legal Sections applied said 3 years, 11 months, and 5 days toward satisfaction of service of the remainder of his original 50-year sentence, when, in reality, none of that time was so applied, resulting in [Smith] not being credited with any of that time toward satisfaction of service of the 8-year sentences as expressly mandated by Code [§] 53.1-187." (Id. at 8 (emphasis omitted).)

Claim Four: "The Court & Legal Sections have heretofore failed to credit Petitioner with Extraordinary Good Time (EGT) toward satisfaction of service of the remainder of his 50-year sentence as mandated by Code § 53.1-196." (Id. at 10.)

Claim Five: "On April 1, 2019, a counselor at Greenville Correctional Center advised Petitioner that no official at this prison knows how or what document to prepare and submit to enable him to be awarded EGT toward satisfaction of service of the remainder of his 50-year sentence as expressly mandated by Code § 53.1-196, resulting in [Smith] not being awarded EGT since 2000, despite his prolonged good behavior." (Id. at 12.)

The matter is before the Court on Clarke's Motion for Summary Judgment, (ECF No. 80), asserting, inter alia, that the Court lacks jurisdiction to hear this § 2254 Petition because it is an unauthorized, successive petition. (ECF No. 81, at 4-5.)[1] Although Smith was provided with notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), he has failed to respond.[2] For the reasons stated below, the Motion for Summary Judgment (ECF

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the spelling, spacing, capitalization and punctuation in the quotations from the parties' submissions.

[2] Smith notified the Court that he was released from incarceration on April 5, 2021. (ECF No. 73.)

No. 80) will be granted. The § 2254 Petition (ECF No. 9) and this action will be dismissed for want of jurisdiction.

## I. STANDARD FOR SUMMARY JUDGMENT

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility of informing the Court of the basis for the motion and identifying the parts of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Id. at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. (quoting former Fed. R. Civ. P. 56(c), (e) (1986)).

In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." United States v. Carolina Transformer Co., 978 F.2d 832, 835 (4th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

255 (1986)). However, a mere "scintilla of evidence" will not preclude summary judgment. Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. (14 Wall.) 442, 448 (1872)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." Id. (quoting Munson, 81 U.S. at 448). Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 n.7 (5th Cir. 1992)).

In support of his Motion for Summary Judgment, Clarke has submitted: (1) the affidavit of Donna M. Shiflett, Manager of the Court and Legal Services Unit for the VDOC ("Shiflett Affidavit," ECF No. 81-1); as well as, (2) several pages of exhibits, which the Court will refer to by their respective CM/ECF designations (ECF No. 81-1, at 3-6). Smith did not respond to the Motion for Summary Judgment. Consequently, he has failed to cite to any evidence that he wishes the Court to consider in opposition. See Celotex Corp., 477 U.S. at 324 (holding that a non-movant must respond to a motion for summary judgment with affidavits or other verified evidence); Fed. R. Civ. P. 56(c)(3) (emphasizing that "[t]he court need consider only the cited materials" in deciding

4

a motion for summary judgment). Smith's failure to present any evidence to counter Respondent's Motion for Summary Judgment permits the Court to rely solely on Respondent's submissions in deciding the Motion for Summary Judgment. See Forsyth, 19 F.3d at 1537; Fed. R. Civ. P. 56(c)(3) ("The Court need only consider the cited materials . . . .").[3]

In light of the foregoing principles and submissions, the following facts are established for the purposes of Summary Judgment. All permissible inferences are drawn in favor of Smith.

## II.   SUMMARY OF RELEVANT FACTS

On or about January 16, 2004, Smith was released, on discretionary parole, from the VDOC. (ECF No. 81-1, at 3.) At that time, he had twelve years, four months, and one day remaining on the sentences that he had been serving. (Id.)

Then, on or about November 29, 2005, the Circuit Court for Williamsburg and James City County, Virginia ("Circuit Court") sentenced Smith for new crimes that he committed while on parole. (Id. at 4.) Specifically, the Circuit Court sentenced Smith to

---

[3] Nevertheless, the Court has reviewed Smith's § 2254 Petition, which was sworn to under penalty of perjury (see ECF No. 9, at 17), and considers it in addressing the issue of summary judgment. The Court is, of course, not bound by any legal conclusions or speculative allegations contained therein. See United States v. Roane, 378 F.3d 382, 400 (4th Cir. 2004) (explaining that "[a]iry generalities" and "conclusory assertions . . . [do] not suffice to stave off summary judgment or entitle a habeas petitioner to an evidentiary hearing" (alterations in original) (some quotation marks omitted) (citation omitted)).

5

eight (8) years of incarceration for burglary and eight (8) years of incarceration for grand larceny. (Id.) Smith's sentences were ordered to run consecutively. (Id.) On June 26, 2008, Smith's parole was also revoked. (Id. at 3.)

On or about July 7, 2008, the VDOC provided Smith with a "Legal Update" regarding the computation of his sentences. (Shiflett Aff. ¶ 3; ECF No. 81-1, at 3-4.) Among other things, the Legal Update specified that Smith was accruing time at Level 2, and it listed the credits that he had received for time served in jail awaiting trial. (ECF No. 81-1, at 3-4.)

Notably, the Legal Update indicated that the time Smith had served in local jail was being allocated to his parole violation, as opposed to his new sentences. (Id.) Also, conspicuously absent from the Legal Update was any indication that Smith was accruing Extraordinary Good Time ("EGT") credits. (Id.) The Legal Update also projected that Smith's "Discretionary Parole Eligibility" date was July 7, 2020, that his "Mandatory Parole Release" date was March 1, 2027, and that his "Good Time Release" date was July 31, 2027. (Id. at 3.)

### III. SUCCESSIVE § 2254 PETITIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions

6

and sentences by establishing a "gatekeeping mechanism." <u>Felker v. Turpin</u>, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

## IV. ANALYSIS

### A. Smith's Present § 2254 Petition

In his current § 2254 Petition, Smith challenges the VDOC's computation of his sentences. Underlying all five of Smith's claims is his belief that the VDOC: (1) had miscalculated his sentences because it improperly allocated credit for the time that he spent in local jails awaiting trial to his parole violation, rather than to his 2005 convictions; and (2) had failed to credit him with any EGT time. (ECF No. 9, at 5-12.) Smith also asserts that the VDOC did not advise him of his release date. (<u>Id.</u> at 5.)

It is undisputed that, as early as July 7, 2008, VDOC provided Smith with a "Legal Update" indicating that the time Smith served in local jail awaiting trial was being allocated to his parole violation, as opposed to his new sentences, and that he was not accruing EGT. (Shiflett Aff. ¶ 3; ECF No. 81-1, at 3-4.) The Legal Update notified Smith that he was accruing time at Level 2 and that his expected "Discretionary Parole Eligibility" date was

7

July 7, 2020, that his "Mandatory Parole Release" date was March 1, 2027, and that his "Good Time Release" date was July 31, 2027. (Id. at 3.)

### B. Smith's Prior § 2254 Petition

On October 13, 2009, the Court received a petition from Smith pursuant to 28 U.S.C. § 2254 ("First § 2254 Petition") challenging his convictions in the Circuit Court. See Smith v. Johnson, 3:09-cv-00653 (E.D. Va. Oct. 13, 2009), ECF No. 1. Smith challenged his convictions on at least fifteen (15) different grounds. See Smith v. Johnson, 3:09-cv-00653 (E.D. Va. Jan. 11, 2010), ECF No. 9, at 17-23. However, notwithstanding that he received the Legal Update from the VDOC over a year before the filing of the First § 2254 Petition, Smith did not include any challenges to the computation of his sentences, the allocation of jail time, the accrual of EGT, or his expected release date. See id.

By Memorandum Order and Opinion entered on March 3, 2011, the Court dismissed all of Smith's claims, save one claim for ineffective assistance of counsel. Smith v. Johnson, 3:09-cv-00653, 2012 WL 442223 at *1 (E.D. Va. Feb. 9, 2012). On February 9, 2012, this Court dismissed Smith's ineffective assistance of counsel claim and denied the First § 2254 Petition. Id. at *3. The United States Court of Appeals for the Fourth Circuit subsequently dismissed Smith's appeal. Smith v. Johnson, 3:09-cv-00653 (E.D. Va. June 20, 2012), ECF Nos. 50, 51.

### C. Smith's § 2254 Petition Is Unauthorized And Successive

"Although [the] AEDPA does not set forth what constitutes a 'second or successive' application, [courts have concluded] that 'a later petition is successive when it . . . raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition . . . .'" Crone v. Cockrell, 324 F.3d 833, 836-37 (5th Cir. 2003) (quoting In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)). Accordingly, when "a prisoner knows 'all of the facts necessary to raise his [attack on the execution of his sentence] before . . . fil[ing] his initial federal petition,' such a claim is successive and subject to the limits imposed by section 2244(b)," when such an attack is raised in a subsequent federal petition. Moody v. Maynard, 105 F. App'x 458, 465 (4th Cir. 2004) (alterations in original) (quoting Crone, 324 F.3d at 837). That is the case here.

When Smith filed the First § 2254 Petition in 2009, he knew the facts on which Claims One through Five of this petition are based. The Legal Update that Smith received in 2008, informed him that he was accruing time at Level 2, that the time he served pretrial in local jails was being allocated to his parole violation, as opposed to his 2005 convictions, and that he was not being awarded EGT. (ECF No. 81-1, at 3-4.) The Legal Update also informed Smith when his "Discretionary Parole Eligibility" date, his "Mandatory Parole Release" date, and his "Good Time Release"

9

date were projected to occur. (Id. at 3.) Had Smith exercised due diligence and reviewed the Legal Update that the VDOC provided to him, he would have been aware that the VDOC was not calculating his sentence in the manner that he thought they should, and he easily could have litigated his current claims in 2009.

The mere fact that Smith may not have subjectively recognized that his sentence was not being calculated in a manner that he thought was proper until sometime after he filed the First § 2254 Petition in 2009, does not negate the fact that the information that he needed to proceed on Claims One through Five was available to him in 2008. Cf. In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997) (observing that a habeas applicant who "merely alleges that [he or she] did not actually know the facts underlying his or her claim does not" demonstrate due diligence).

Smith simply did not avail himself of the information contained in the 2008 Legal Update, which was provided to him approximately one year before he filed the First § 2254 Petition. As such, Smith's current § 2254 Petition is successive. Because Smith has not demonstrated that he received approval from the Fourth Circuit to file this petition, it is also unauthorized.

Accordingly, the Motion for Summary Judgment (ECF No. 80) will be granted. The § 2254 Petition (ECF No. 9) and the action will be dismissed for want of jurisdiction.

## V.  CONCLUSION

For the reasons stated above, the Motion for Summary Judgment (ECF No. 80) will be granted. The § 2254 Petition (ECF No. 9) and the action will be dismissed for want of jurisdiction. A certificate of appealability will be denied.[4]

An appropriate Order will accompany this Memorandum Opinion.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 22, 2022

---

[4] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893-94 (1983)). Smith fails to meet this standard.